IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00135-REB-KLM

MICHAEL O. BACKUS,

    Applicant,

v.

STEVEN HARTLEY, Warden L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Applicant's **Motion for Leave to Amend/Supplement Habeas Application with Additional Proportionality Claim** [Docket No. 17; Filed November 4, 2008] (the "Motion"). Respondents were directed to respond to the Motion, and they did so on December 5, 2008 [Docket No. 20]. Applicant did not file a reply.

Applicant seeks to amend his Application to assert a claim that the $1 million criminal fine imposed against him by the state sentencing court violates the Eighth Amendment. He also seeks to assert a claim that appellate and postconviction counsel provided him with ineffective assistance in violation of the Sixth Amendment due to their failure to assert the Eighth Amendment claim in Applicant's initial appeal and request for postconviction relief. Respondents argue that the Motion should be denied because amendment would be futile and because the new claims do not relate back to the initial Application.

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

As a preliminary matter, Fed. R. Civ. P. 15 applies to Applicant's request to amend his Application. *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). While amendment should be liberally permitted pursuant to Rule 15, amendment should be denied when it would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A threshold requirement of any habeas claim is that Applicant must first exhaust his state court avenues for relief. "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Here, while Applicant asserted the Eighth Amendment portion of his claim at the state appellate court level, his challenge was denied as successive because he failed to assert it in his earlier appeal or request for postconviction relief [Docket No. 20-2]. The successive nature of Applicant's claim did not afford the state appellate court the opportunity to review the claim on its merits. As such, the claim is not deemed exhausted for purposes of pursuing habeas relief. *See Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991). Accordingly, allowing Applicant to amend his application to assert an Eighth Amendment claim would be futile.

Perhaps recognizing that the procedural bar against pursuing his Eighth Amendment claim at the state court level operates as a procedural bar in this Court, Applicant also attempts to assert a new claim for a violation of his Sixth Amendment right to counsel due to his appellate and postconviction counsels' failure to exhaust this claim. While appellate counsel's ineffective assistance can constitute "cause" sufficient to excuse a state prisoner's failure to exhaust, that allegation must first be presented to the state courts as

2

an independent claim prior to Applicant asserting it here.[1]  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).

> The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court 'to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Id.* at 489 (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)); *see also Hume v. McKune*, 176 F. Supp. 2d 1134, 1142 (D. Kan. 2001) (holding that "before 'ineffective assistance of counsel ' may be advanced as cause for the procedural default of another claim, counsel's ineffectiveness must have been presented to the state courts in accordance with state law" (citation omitted)).

A review of Applicant's most recent appeal in state court reveals that while Applicant asserted an Eighth Amendment challenge related to the amount of his criminal fine, he did not assert a Sixth Amendment challenge related to his appellate or postconviction counsels' failure to exhaust this claim, although such a claim was available [Docket No. 20-2]. Accordingly, allowing Applicant to amend his Application and assert a Sixth Amendment claim would be futile.

Further, the alleged Eighth and Sixth Amendment violations regarding Applicant's criminal penalty are barred by the one-year statute of limitations applicable to habeas petitions.  28 U.S.C. § 2244(d)(1).  Applicant's conviction and sentence were final as late as November 2006 [Docket No. 10 at 2].  As such, all claims were required to be asserted

---

[1] However, under no circumstances may Applicant assert a claim for ineffective assistance of postconviction counsel as "a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

at least no later than November 2007. Given this, amendment to add claims is only appropriate if the amendment relates back to the initial Application. Fed. R. Civ. P. 15(c)(2). "Relation back" in a habeas context is construed "less broadly" than in other civil contexts. *Mayle v. Felix*, 545 U.S. 644, 657, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, the . . . limitation period would have slim significance."). When the new claims do not arise from a common core of operative facts as those that form the basis for the timely filed claims, amendment is not warranted. *Id.* It is not enough that the claims arise from the "same trial, conviction, or sentence" to constitute relation back. *Id.* at 660-64. Because the initial Application does not involve any challenge of Applicant's sentence or criminal fine, does not contain facts related to Applicant's financial status which he uses to support his new claims, and because his proposed amendment involves facts unrelated to the episodes at issue in his initial claims, his new claims do not relate back for purposes of amendment. *See id.* at 657 (noting that an amendment does not relate back "when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.D.C. 2002))).

Dated: January 7, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

4